IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT STALLCUP, CHAD CHAPPELL, AND CASEY VANCE, <br><br> Plaintiffs, <br><br> vs. <br><br> 3M COMPANY, 3M OCCUPATIONAL SAFETY, LLC, AEARO HOLDING LLC, AEARO INTERMEDIATE LLC, AEARO LLC, AND AEARO TECHNOLOGIES, LLC, <br><br> Defendants. | Case No. 5:21-cv-00207-HE |

**PARTIES' JOINT MOTION FOR STAY OF PROCEEDINGS PENDING RULINGS BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION AND BRIEF IN SUPPORT**

Robert Stallcup, Chad Chappell, and Casey Vance (collectively, "Plaintiffs") and Defendants 3M Company, 3M Occupational Safety LLC, Aearo Holding LLC, Aearo Intermediate LLC, Aearo LLC, and Aearo Technologies LLC (collectively, "Defendants") hereby move this Court to stay further proceedings in the above-captioned action pending a final determination by the Judicial Panel on Multidistrict Litigation ("JPML") whether this action should be consolidated pursuant to 28 U.S.C. § 1407 and transferred to the Northern District of Florida.

**BRIEF IN SUPPORT**

**I.     BACKGROUND**

1.     Plaintiffs filed this lawsuit in the District Court of Comanche County of the State of Oklahoma on November 17, 2020.

2.     Plaintiffs served the Petition on Defendants on March 5, 2021.

3.     Defendants' current deadline to respond to the Petition is March 25, 2021. However, Defendants filed a Motion for Extension of Time to Answer (Doc. 11) requesting an extension of time to respond to the Petition until April 9, 2021.

1

    4.    Defendants filed a Notice of Potential Tag-Along to the JPML on March 12, 2021.

    5.    The JPML issued a Conditional Transfer Order ("CTO-100") on March 18, 2021. (attached as **Exhibit 4**)

    6.    The parties file this Motion to Stay to preempt any future deadlines while the JPML considers whether to transfer this case and others like it to the Northern District of Florida.

### A.    *Plaintiffs' Allegations*

    7.    Plaintiff alleges, among other things, that they were injured as a result of using the "Dual Ended Combat Arms Earplugs" ("CAEv2") while serving in the United States Armed Forces (Petition, attached as **Exhibit 1**, at ¶¶ 2, 3.) The CAEv2 was initially designed and manufactured by Aearo[1] in close collaboration with the United States Army to provide soldiers with a single set of earplugs that provide two options for hearing with respect to noises commonly associated with military service.

    8.    Plaintiffs allege, among other things, that CAEv2 was defective in design and "unreasonably dangerous because it was not effective for its intended use." (*Id.* ¶ 6.)

    9.    Plaintiffs allege that they were issued and used the CAEv2 in connection with American military service between 2003-2015. (*Id.* ¶¶ 2, 3.) According to Plaintiffs, using the purportedly defective CAEv2 resulted in and hearing loss. (*Id.* ¶ 4.)

### B.    *Related Litigation Filed To Date*

    10.    At least two thousand additional cases have been filed against Defendants in federal courts asserting substantially the same or related claims involving Combat Arms Earplugs (collectively, and together with this litigation, the "Related Actions"). A list of the Related Actions the parties are presently aware of as of March 11, 2021 is attached hereto as **Exhibit 2.**

---

[1]    3M acquired Aearo in 2008.

11. In particular, all of the Related Actions allege products liability claims against Defendants on behalf of U.S. military personnel and other wearers of Combat Arms Earplugs who allegedly now suffer from hearing loss and/or tinnitus.

12. To date, Related Actions have been filed in 62 federal district courts across the country, including in Alaska, California, Texas, Oklahoma, Minnesota, Missouri, Florida, Louisiana, Georgia, Hawaii, Pennsylvania, Tennessee, North Carolina, South Carolina, Illinois, Indiana, New York, Ohio, Utah, West Virginia, Kentucky, Alabama, Maryland, Mississippi, Connecticut, and the District of Columbia.

**II.  ARGUMENT**

13. This case should be stayed pending the outcome of the MDL petition, which would substantially limit or eliminate the need for further pre-trial proceedings here. A stay will prevent needless waste of time and resources of the parties and the Court. Moreover, staying this case now will protect the parties from the possibility of inconsistent rulings on identical issues in different jurisdictions. If Plaintiffs' case is not transferred and consolidated in the Northern District of Florida, the parties will not suffer any prejudice as a result of the temporary stay requested here.

14. The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases [sic] on its docket with the economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 683 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Federal district courts routinely stay cases pending resolution by the JPML of a motion to transfer pursuant to 28 U.S.C. § 1407. *E.g.*, *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) ("Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case."); *Lilak v. Pfizer Corp., Inc.*, No. CIV.A. 08-CV-02439CM, 2008 WL 4924632, at *2 (D. Colo. Nov. 13, 2008).

15.     Indeed, the very "purpose of such [MDL] transfers . . . [is] to further judicial economy and to eliminate the potential for conflicting pretrial rulings." *Good*, 5 F. Supp. 2d at 809.  Thus, numerous federal courts have recognized that efficiency, uniformity, and consistency of decision-making demand the stay of an action pending the JPML's resolution of a motion to transfer and consolidate in an MDL proceeding. *E.g.*, *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved."); *Griffin v. Merck & Co., Inc.*, No. 8:06-CV-1806-T-27TBM, 2006 WL 8440265, at *2 (M.D. Fla. Nov. 30, 2006); *see also Stanton v. Wells Fargo & Co.*, No. 8:16-CV-3318-T-36JSS, 2017 WL 3701143, at *1 (M.D. Fla. Jan. 23, 2017) ("The Court agrees that a stay of these proceedings pending a decision from the JPML will preserve resources and judicial economy, and avoid inconsistent rulings."); *Sanborn v. Asbestos Corp., Ltd.*, No. C 08-5260 PJH, 2009 WL 195922, at *2 (N.D. Cal. Jan. 27, 2009) (staying proceedings pending a transfer decision by the MDL Panel and holding that prejudice to plaintiffs will be minimal and a stay "will further the aim of judicial efficiency").[2]

---

[2]  *See also Lyman v. Asbestos Defendants*, No. C 07-4240 SBA, 2007 WL 2972926, at *3 (N.D. Cal. Oct. 10, 2007) (granting motion to stay because it "will likely preserve judicial resources by preventing a duplication of proceedings before this Court and MDL court"); *Gonzales v. Gen. Motors Corp.*, No. C07-2580 TEH, 2007 WL 2406871, at *1 (N.D. Cal. Aug. 20, 2007) (holding that "judicial economy factor outweighs any prejudice Plaintiffs claim from a stay" pending MDL transfer); *McVicar*, 2013 WL 6212149, at *2 ("[I]n consideration of the fact that the action is still in its nascent stages of development and out of deference to the JPML, the Court finds it prudent to temporarily stay this case pending a decision by the JPML."); *Harris v. Merck & Co. Inc.*, No. 06-CV-01986-JMRBB, 2006 WL 4056986, at *2 (S.D. Cal. Dec. 11, 2006) (finding a stay pending a transfer decision by the MDL Panel "particularly appropriate"); *Maiben v. CSX Transp., Inc.*, No. 09-0125-WS-B, 2009 WL 1211186, at *1 (S.D. Ala. May 1, 2009) ("[S]taying this action pending transfer by the MDL Panel would promote the interests of efficiency and judicial economy, would mitigate the possibility of inconsistent results between sister courts, and would not prejudice the parties in any respect."); *Gavitt v. Merck & Co., Inc.*, No. 2:08-cv-755-FtM-UA-DNF, 2008 WL 4642782, at *1-2 (M.D. Fla. Oct. 20, 2008) (granting stay pending disposition of JPML motion to transfer); *Kennedy v.*

16.     In the first seven Combat Arms cases filed in this Western District of Oklahoma, this Court granted motions to stay pending a ruling by the JPML to consolidate Combat Arms cases. **Exhibit 3**, Order from *Stine v. 3M Company*, Case No. CIV-19-0058-HE at 2-3 (W.D. Okla. April 2, 2019).

17.     Courts traditionally weigh three factors to determine whether a stay should be granted: (1) the judicial resources saved by avoiding duplicative litigation; (2) hardship to the moving party if a stay is not granted; and (3) potential prejudice to the non-moving party. *Rivers*, 980 F. Supp. at 1360; *see also Bd. of Cty. Commissioners of Delaware Cty., Oklahoma v. Purdue Pharma L.P.*, No. 18-CV-0460-CVE-JFJ, 2018 WL 5307623, at *1 (N.D. Okla. Oct. 26, 2018) (applying the three *Rivers* factors when considering a motion to stay a case pending a transfer motion to the JPML). Each of these factors weighs heavily in favor of a stay in this case.

18.     ***First***, a stay will conserve judicial resources and prevent inconsistent adjudications. The JPML shortly will decide whether the Related Actions, including this case, are to be consolidated and, if so, in which forum. As the court recognized in *Rivers*, "if this case is consolidated with the other cases . . . and this Court is not assigned by the MDL Panel to preside over the consolidated litigation, this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." 980 F. Supp. at 1360; *McVicar*, 2013 WL 6212149 at *2 (same). And staying Related Actions pending the JPML's transfer decision would alleviate the risk to

---

*Novartis Pharmaceuticals, Corp.*, No. CIV.A. 02-2331, 2002 WL 31051601, at *1 (E.D. La. Sept. 12, 2002) ("[T]he interests of judicial economy will best be served by a temporary stay in these proceedings pending a ruling by the Judicial Panel on Multidistrict Litigation."); *Gonzalez v. Am. Home Products Corp.*, 223 F. Supp. 2d 803, 806 (S.D. Tex. 2002) (granting stay to await ruling of JPML to avoid "duplicating the work of the MDL court"); *Tench v. Jackson Nat'l Life Ins. Co.*, No. 99 C 5182, 1999 WL 1044923, at *1 (N.D. Ill. Nov. 12, 1999) ("stays are frequently granted to avoid duplicative efforts and preserve valuable judicial resources."); *Noble Cty., Ohio by Noble Cty. Commissioners v. Cardinal Health*, Case No. 2:18-CV-1379, 2019 WL 311807, at *1 (S.D. Ohio Jan. 24, 2019) (similar).

the parties of being subjected to multiple pleading and discovery requirements and potentially conflicting or inconsistent rulings on pretrial matters. *See Sanchez*, 2011 WL 7092289 at *2 (granting stay pending transfer decision by the JPML "promotes judicial economy . . . avoid[s] duplicative discovery and pretrial management efforts," and "avoids the risk of inconsistent rulings."); *see also F.D.I.C. v. Countrywide Fin. Corp.*, No. 11-CV-02268-WJM-KLM, 2011 WL 4372915, at *3 (D. Colo. Sept. 19, 2011) (finding that a temporary stay pending determination of the JPML is a convenience to the court).

19.     **Second**, the parties face the significant risk of wasted resources and needless duplication of effort if a stay is not granted. This case is based on the same facts and raises the same threshold legal issues—as well as common questions for discovery and trial—as the other Related Actions. The "potential burden" to the parties "of engaging in duplicative litigation weighs heavily in favor of staying . . . proceedings pending MDL transfer." *Jones v. Bristol-Myers Squibb Co.*, No. C 13-2415 PJH, 2013 WL 3388659, *3 (Jul. 8, 2013, N.D. Cal.) (citing *Blalock v. DePuy Orthopaedics, Inc.*, 2011 WL 6217540 at *2 (N.D. Cal. Dec. 14, 2011); *Nielsen v. Merck & Co.*, 2007 WL 806510 at *2 (N.D. Cal. Mar. 15, 2007) ("absent a stay, [defendant] would suffer prejudice from being forced to litigate the same jurisdictional issues in multiple forums"); *see also Lilak*, 2008 WL 492632, at *3 ("specifically, in the absence of a stay, Defendant will have to defend similar suits in at least two jurisdictions, potentially exposing it to duplicative motion practice, redundant discovery proceedings, or inconsistent pretrial rulings.").

20.     **Third**, the parties agree that the short requested stay—no longer than necessary for the JPML to resolve the MDL petition—is not prejudicial since there has been no activity in the case to date. *See, e.g., Franklin v. Prospect Mortg., LLC*, No. 2:13-CV-00790 JAM-AC, 2013 WL 6423389, at *2 (E.D. Cal. Dec. 9, 2013) (granting stay and finding no prejudice where, among other things, "there has not been a significant amount of activity in this case"); *McVicar*, 2013 WL 6212149, at *2 (granting stay where "the action is still in its nascent stages of development"); *Sanchez*, 2011 WL 7092289 at *2

(finding no prejudice by granting stay pending transfer); *cf. Rivers*, 980 F. Supp. at 1362 n.5 ("[E]ven if a temporary stay could be characterized as a delay that would be prejudicial . . . there are still considerations of judicial economy that outweigh any prejudice.").

## III.  CONCLUSION

For all of the foregoing reasons, the parties respectfully move for an order temporarily staying proceedings in this action until the JPML decides the pending MDL petition to transfer and consolidate the Related Cases, including this case, pursuant to 28 U.S.C. § 1407.

*s/Michael T. Maloan*
Michael T. Maloan, OBA #15097
FOLIART, HUFF, OTTAWAY & BOTTOM
201 Robert S. Kerr Avenue, 12th Floor
Oklahoma City, Oklahoma  73102
Telephone:  (405) 232-4633
Fax:  (405) 232-3462
michaelmaloan@oklahomacounsel.com
ATTORNEYS FOR DEFENDANTS
3M COMPANY, 3M OCCUPATIONAL SAFETY LLC, AEARO HOLDING, LLC, AEARO INTERMEDIATE LLC, AEARO LLC, AND AEARO TECHNOLOGIES, LLC

-and-

*s/Daniel M. Delluomo*
Daniel M. Delluomo, OBA #11810
(Signed by Filing Attorney with Permission of Attorney)
Delluomo & Crow, P.A.
6812 N. Robinson Avenue
Oklahoma City, OK 73102
T: 405-843-0400
F: 405-843-5005
monty@delluomo.com
ATTORNEY FOR PLAINTIFFS

<u>CERTIFICATE OF SERVICE</u>

[X] I hereby certify that on this 18th day of March, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel M. Delluomo, OBA #11810
Delluomo & Crow, P.A.
6812 N. Robinson Avenue
Oklahoma City, OK  73116
T: 405-843-0400
F: 405-843-5005
monty@delluomo.com
*Attorney for Plaintiffs*

*s/Michael T. Maloan*